UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
NICOLAS ROMERO HERNANDEZ, individually:
and on behalf of all others similarly situated,    :
                                                   :
                     Plaintiff,                    :
                                                   :        **REPORT AND**
        -against-                                  :        **RECOMMENDATION**
                                                   :
J & M CORONA DELI CORP. and YANA                   :        23-CV-9120 (RER)(PK)
FOODS INC. d/b/a J & M CORONA DELI,                :
JULIO HERNAN MARCA and                             :
JIGNESHKUMAR PATEL, as individuals,                :
                                                   :
                     Defendants.                   :
------------------------------------------------------------ X

**Peggy Kuo, United States Magistrate Judge:**

Nicolas Romero Hernandez ("Plaintiff") brought this action against J & M Corona Deli Corp. ("J&M Corona Deli"), Julio Hernan Marca ("Marca"), Jigneshkumar Patel ("Patel") (together with J&M Corona Deli and Marca, the "Defaulting Defendants"), and Yana Foods Inc. d/b/a J & M Corona Deli. ("Yana Foods") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq.* Plaintiff has moved for default judgment against Defaulting Defendants. ("Motion," Dkt. 34.) The Honorable Ramon E. Reyes, Jr. referred the Motion to me for a report and recommendation. For the reasons stated herein, I respectfully recommend that the Motion be GRANTED.

## BACKGROUND

### I.    Factual Background

The following facts are taken from the Complaint (Dkt. 1), Declaration of Roman Avshalumov, Esq. ("Avshalumov Decl.," Dkt. 35), Affidavit of Plaintiff ("Hernandez Aff.," Dkt. 35-8), and Supplemental Affidavit of Plaintiff ("Hernandez Supp. Aff.," Dkt. 39-1). These facts are

accepted as true for purposes of this Motion.  *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

From approximately February through June 2021, Plaintiff was employed by J&M Corona Deli and Yana Foods[1] to work at a deli located at 91-14 Corona Avenue, Elmhurst, NY 11373. (Compl. ¶¶ 8, 28-29; Hernandez Aff. ¶ 3.)  Plaintiff's primary duties included working as a delivery person, cleaner, cashier, food preparer, and stocker.  (Compl. ¶ 29; Hernandez Aff. ¶ 3.)

Marca and Patel owned and operated J&M Corona Deli and Yana Foods during Plaintiff's employment. (Compl. ¶ 12; Hernandez Aff. ¶¶ 3-5.)  Marca and Patel exercised control over hiring, firing, payroll, work schedules, and day-to-day operations of J&M Corona Deli and Yana Foods. (Compl. ¶¶ 14-18; Hernandez Aff. ¶ 5.)  Plaintiff performed his duties at the direction and supervision of both Marca and Patel throughout his employment.  (Hernandez Aff. ¶¶ 3, 5-6.)

Plaintiff regularly worked six days, 56 hours per week.  (Compl. ¶¶ 30, 32; Hernandez Aff. ¶ 11; Hernandez Supp. Aff. ¶ 3.)  He typically worked shifts beginning around 8:00 a.m. and ending at 5:00 p.m. or later for four days, and ending at 6:00 p.m. or later for two days.  (Compl. ¶ 31; Hernandez Aff. ¶ 10.)  Plaintiff was compensated a flat weekly rate of $800.00 for all hours worked. (Compl. ¶ 33; Hernandez Aff. ¶ 16.)  Plaintiff did not have any agreement with Defaulting Defendants regarding the number of hours the $800.00 was intended to compensate.  (Hernandez Supp. Aff. ¶ 4.)

## II.    Relevant Procedural Background

Plaintiff filed the Complaint on December 12, 2023.  (Dkt. 1.)  The Complaint alleges causes of action for overtime violations under the FLSA and NYLL, failure to provide a wage notice under NYLL § 195(1), and failure to provide wage statements under NYLL § 195(3).  (Compl. ¶¶ 53-69.)

---

[1] The president of Yana Foods filed a letter stating that it purchased the deli on June 15, 2021, attaching a bill of sale memorializing the transaction between J&M Corona Deli and Yana Foods. (Dkt. 12 at 1, 4-7.)

Defendants were served with the Summons and Complaint, but no Defendant appeared or otherwise answered the Complaint.  (Affs. of Service, Dkts. 10, 11, 11-1 through 3.)  On June 4, 2024, a certificate of default was entered against Defendants.  (Dkt. 15.)

On July 8, 2024, a notice of appearance was entered on behalf of Defendant Yana Foods Inc. (Dkt. 20.)  On August 9, 2024, the Court granted Plaintiff's and Yana Food's joint request to vacate the entry of default as to Yana Foods only.  (Aug. 9, 2024 Order.)  Yana Foods filed its Answer on September 9, 2024.  (Dkt. 25.)

On November 12, 2024, Plaintiff and Yana Foods jointly moved pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), for the court to approve a settlement agreement between them.  (Dkt. 30.)  The settlement agreement does not release any claims against Defaulting Defendants.  (Dkt. 30-1 ¶ 7.)  The Court approved the settlement agreement.  (Nov. 22, 2024 Order.)

Plaintiff filed the Motion on November 19, 2024, requesting default judgment against J&M Corona Deli, Marca, and Patel.  (Dkt. 34.)

On June 27, 2025, the Court held an inquest and directed Plaintiff to supplement his motion papers.  (June 27, 2025 Inquest Transcript ("Tr."), Dkt. 40; June 30, 2025 Minute Entry and Order.)  On July 9, 2025, Plaintiff filed a letter supplementing the legal bases for his damages calculations, together with his Supplemental Affidavit, revised damages calculations, and revised proposed default judgment order.  (Dkts. 39, 39-1, 39-2, 39-3.)

## DISCUSSION

### I.    Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure prescribes a two-step process for entry of a default judgment.  First, when a defendant "has failed to plead or otherwise defend," the Clerk of Court enters the defendant's default.  Fed. R. Civ. P. 55(a).  The plaintiff may then move the court for an entry of default judgment.  Fed. R. Civ. P. 55(b)(2).  However, "just because a party is in

default, the plaintiff is not entitled to a default judgment as a matter of right." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010).

The Court may "first assure itself that it has personal jurisdiction over the defendant." *City of N.Y. v. Mickalis Pawn Shop, LLC* ("*Mickalis*"), 645 F.3d 114, 133 (2d Cir. 2011) (internal quotation omitted). Plaintiff must demonstrate proper service of the summons and complaint, *see Advanced Cap. Com. Grp., Inc. v. Suarez*, No. 09-CV-5558 (DRH)(GRB), 2013 WL 5329254, at *2 (E.D.N.Y. Sept. 20, 2013), and establish compliance with the procedural requirements of Local Civil Rules 7.1 and 55.2.

In addition, the Court must also determine whether Plaintiff's "allegations establish [the defendant's] liability as a matter of law." *Finkel*, 577 F.3d at 84; *see also Mickalis*, 645 F.3d at 137. In considering a motion for default judgment, a court accepts a plaintiff's "factual allegations as true and draw[s] all reasonable inferences in [the plaintiff's] favor . . . ." *Finkel*, 577 F.3d at 84. However, a default is "not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). "The plaintiff bears the burden of presenting proof of damages, which may take the form of documentary evidence or detailed affidavits." *Joe Hand Promotions, Inc. v. Benitez*, No. 18-CV-6476 (ARR)(PK), 2020 WL 5519200, at *3 (E.D.N.Y. Aug. 27, 2020), *R&R adopted*, 2020 WL 5517240 (E.D.N.Y. Sept. 14, 2020).

In the context of a motion for default judgment on FLSA and NYLL claims, "the plaintiff's recollection and estimates of hours worked are presumed to be correct." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012); *see also Santillan v. Henao*, 822 F. Supp. 2d 284, 294 (E.D.N.Y. 2011).

A court "possesses significant discretion" in granting a motion for default judgment, "including [determining] whether the grounds for default are clearly established . . . ." *Klideris v.*

*Trattoria El Greco*, No. 10-CV-4288 (JBW)(CLP), 2011 WL 7114003, at *2 (E.D.N.Y. Sept. 23, 2011), *R&R adopted,* 2012 WL 273078 (E.D.N.Y. Jan. 30, 2012).

## II.    Jurisdiction and Default

### A.  Subject Matter Jurisdiction

The Court has original subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

### B.  Personal Jurisdiction

"[S]erving a summons . . . establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (quoting Fed. R. Civ. P. 4(k)(1)(A)). New York has general jurisdiction over corporations formed under its laws and operating within the state. *Francis v. Ideal Masonry, Inc.*, No. 16-CV-2839 (NGG)(PK), 2018 WL 4292171, at *3 (E.D.N.Y. Aug. 3, 2018), *R&R adopted,* 2018 WL 4288625 (E.D.N.Y. Sept. 7, 2018). New York courts may exercise personal jurisdiction over any non-domiciliary individual who "transacts any business within the state" so long as "the cause of action arises from that transaction." *See Licci*, 673 F.3d at 60 (alterations removed) (quoting N.Y. C.P.L.R. § 302(a)).

Plaintiff served J&M Corona Deli on December 21, 2023, by delivering copies of the Summons and Complaint to the New York Secretary of State. (Aff. of Service, Dkt. 11.) Plaintiff served J&M Corona Deli again on January 12, 2024, by delivering copies of the Summons and Complaint to a clerk who confirmed that he was authorized to accept service on its behalf. (Aff. of Service, Dkt. 11-1.) Plaintiff also served Marca and Patel by delivering copies of the Summons and Complaint to the same clerk on January 12, 2024, and mailing them via first class mail to Marca's and Patel's actual place of business on January 19, 2024. (Affs. of Service, Dkts. 11-2, 11-3.) These

methods of service comply with federal and state procedural rules. *See* Fed. R. Civ. P. 4(e); N.Y. C.P.L.R. §§ 308(2), 311(a)(1); N.Y. Bus. Corp. Law § 306(b)(1).

The Court has personal jurisdiction over J&M Corona Deli because it is a New York corporation and was properly served. *Burns v. Scott*, 635 F. Supp. 3d 258, 273 (S.D.N.Y. 2022). Plaintiff does not allege that Marca and Patel are domiciled in New York, but the Court has personal jurisdiction over them because they "own[ed] and operate[d]" J&M Corona Deli and, therefore, transacted business in New York, and Plaintiff's causes of action arise from their wage and hour violations during his employment with J&M Corona Deli. (Compl. ¶ 12; *see also* Hernandez Aff. ¶ 6.)

Accordingly, the Court has personal jurisdiction over Defaulting Defendants.

### C. Defendants' Default

Defaulting Defendants did not appear or otherwise respond to the Complaint, and have, therefore, defaulted.

## III.   Procedural Compliance

### A. Local Civil Rules

As part of this Motion and in compliance with the Local Civil Rules, Plaintiff included a Memorandum of Law in support of the Motion (Dkt. 36), *see* Loc. Civ. Rule 7.1(a)(2); a declaration showing that the Clerk has entered default, and that individual Defendants Marca and Patel are not incompetent or minors (Dkts. 14, 35), *see* Loc. Civ. Rule 55.2(a)(1); a Proposed Default Judgment Order detailing the proposed judgment to be entered (Dkt. 39-3), *see* Loc. Civ. Rule 55.2(a)(2); proof of having mailed the motion papers to J&M Corona Deli at its last known business address, Marca

at his last known business and residential addresses, and Patel at his last known address[2] (Aff. of Service, Dkt. 37), *see* Loc. Civ. Rule 55.2(a)(3); and a statement of damages affirmed by someone with personal knowledge (Hernandez Aff.; Revised Damages Chart, Dkt. 39-2), *see* Loc. Civ. Rule 55.2(c). Thus, compliance with the Local Civil Rules is satisfied.

### B.  Servicemembers Civil Relief Act

On January 23, 2024, Plaintiff submitted proof that Marca and Patel are not currently serving in the military, and that they are not dependent on anyone in the military service. (Affs. of Service, Dkts. 11-2 & 3.) Accordingly, compliance with the Servicemembers Civil Relief Act is satisfied. *See Lopez v. Metro & Graham LLC*, No. 22-CV-332 (CBA)(RER), 2022 WL 18809176, at *5 (E.D.N.Y. Dec. 16, 2022) (citing 50 U.S.C. § 3931(b)(1)), *R&R adopted,* 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023).

## IV.  Liability under the FLSA and NYLL

### A.  Statute of Limitations

The FLSA statute of limitations is two years, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). "When a defendant defaults, the violation is considered 'willful' and the three year statute of limitations applies." *Rodriguez v. Queens Convenience Deli Corp.*, No. 09-CV-1089 (KAM)(SMG), 2011 WL 4962397, at *2 (E.D.N.Y. Oct. 18, 2011) (citation omitted). "The statute of limitations starts to run when the employee begins to work for the employer." *Id.* (citation omitted).

Under the NYLL, the statute of limitations is six years. NYLL §§ 198(3), 663(3).

---

[2] Although Local Civil Rule 55.2(a)(3) requires that all documents in support of the Motion be mailed to individual defendants' "last known residence," the Affidavit of Service (Dkt. 37) states that the motion papers were mailed to Patel's "last known address," which appears to be the only address available in the record for Patel. Plaintiff also mailed the motion papers to both the business and residential addresses for Marca. Under the circumstances, service as to both individual Defendants is consistent with the requirements of Rule 55.2(a)(3).

Because Plaintiff commenced this action on December 12, 2023, all alleged violations that occurred during his employment from February 2021 through June 2021 fall within the statute of limitations under both the FLSA and NYLL.

### B. Employment Relationship

The FLSA is to be "construed . . . liberally" because its "broad coverage is essential to accomplish the goal of outlawing from interstate commerce goods produced under conditions that fall below minimum standards of decency." *Tony & Susan Alamo Found. v. Sec'y of Lab.*, 471 U.S. 290, 296 (1985) (citations omitted). "To plead a cause of action under the FLSA, [a plaintiff] must establish that: (1) defendant is an employer subject to the FLSA; (2) plaintiff is an employee within the meaning of the FLSA; and (3) the employment relationship is not exempted from the FLSA." *Rowe v. CC Rest. & Bakery, Inc.,* No. 17-CV-01423 (CBA)(PK), 2019 WL 4395158, at *4 (E.D.N.Y. Aug. 15, 2019), *R&R adopted,* 2019 WL 4393987 (E.D.N.Y. Sept. 13, 2019).

### 1. Whether Defaulting Defendants Are Employers under the FLSA

"[F]or employees to be covered by the FLSA, they must show either that their employer was an enterprise engaged in interstate commerce or that their work as employees regularly involved them in interstate commerce." *Marine v. Vieja Quisqueya Rest. Corp.*, No. 20-CV-4671 (PKC)(RML), 2022 WL 17820084, at *3 (E.D.N.Y. Sept. 8, 2022), *R&R adopted* (E.D.N.Y. Sept. 23, 2022); *see* 29 U.S.C. §§ 206, 207. These two methods of establishing FLSA coverage are known as "enterprise coverage" and "individual coverage," respectively. *Solis v. Tropical Rest. Bar Inc.*, No. 23-CV-1707 (ENV)(MMH), 2024 WL 4271234, at *7 (E.D.N.Y. Sept. 19, 2024).

A defendant may meet the enterprise coverage test if the defendant has employees engaged in commerce or in the production of goods for commerce, "or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and . . . whose annual gross volume of sales made or business done is not less than

$500,000." 29 U.S.C. § 203(s)(1)(A)(i)-(ii); *see also Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 33 (E.D.N.Y. 2015). "Commerce" is "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). Even local activities may meet this test if "an enterprise employs workers who handle goods or materials that have moved or been produced in interstate commerce . . . ." *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 121 (E.D.N.Y. 2011) (internal quotation omitted).

Plaintiff alleges that J&M Corona Deli made at least $500,000 in annual revenue, and that it "purchased all materials, goods, and products through channels of interstate commerce, from suppliers and other sources that are outside the State of New York." (Compl. ¶ 22; Hernandez Aff. ¶ 7.) Plaintiff has, therefore, established that J&M Corona Deli meets the enterprise coverage test and was thus required to comply with FLSA's overtime requirements. *See Huerta v. Victoria Bakery*, No. 10-CV-4754 (RJD)(JO), 2012 WL 1107655, at *2 (E.D.N.Y. Mar. 30, 2012) (noting that courts can "infer[ ] the requisite interstate commerce connection under [a] sensible approach").

Plaintiff also alleges that Marca and Patel were his employers and are liable for any violations under the FLSA. (Compl. ¶¶ 14-18; Hernandez Aff. ¶ 5.) The FLSA broadly defines an employer as including "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and does not define the term "employer" in the first instance. *Irizarry v. Catsimatidis*, 722 F.3d 99, 103 (2d Cir. 2013). "[E]mployment for FLSA purposes [is] a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances." *Id.* at 104 (quoting *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 42 (2d Cir. 2008)).

In *Carter v. Dutchess Community College*, the Second Circuit outlined the multi-factor "economic reality" test to determine whether an individual defendant is an employer of a FLSA plaintiff. 735 F.2d 8, 12 (2d Cir. 1984). The *Carter* factors ask "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions

of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (internal quotation removed).

Marca and Patel had the power to hire and fire employees and maintain their employment records. (Compl. ¶¶ 14-15, 17.) Marca and Patel also supervised Plaintiff's work, set his schedule, and determined his rate of pay. (*Id.* ¶¶ 14-17; Hernandez Aff. ¶¶ 5-6.) Therefore, along with J&M Corona Deli Corp., both Marca and Patel are properly considered Plaintiff's "employers" under the FLSA.

### 2. **Whether Plaintiff Was an Employee under the FLSA**

An "employee" under the FLSA is likewise broadly defined as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). Plaintiff states that he was employed by Defaulting Defendants to work at the deli. (Compl. ¶ 29; Hernandez Aff. ¶ 3.) Because Defaulting Defendants were Plaintiff's "employer," Plaintiff was their "employee" under the FLSA.

### 3. **Whether Any FLSA Exemption Applies**

Finally, Plaintiff must show that he is not exempt from the FLSA's protections. *Fermin*, 93 F. Supp. 3d at 32. "Section 13 of the FLSA contains a litany of exemptions to the minimum wage requirement." *Chen v. Major League Baseball*, 6 F. Supp. 3d 449, 454 (S.D.N.Y. 2014), *aff'd sub nom.*, *Chen v. Major League Baseball Props., Inc.*, 798 F.3d 72 (2d Cir. 2015).

Plaintiff's duties, consisting of making deliveries, cleaning, preparing food, stocking items, and working as a cashier (Compl. ¶ 29; Hernandez Aff. ¶ 3), do not form a basis for exempting Plaintiff's employment with Defendants from the FLSA coverage; thus, he qualifies for the FLSA's protections.

### 4. **Employment Relationship under the NYLL**

To prevail on a NYLL claim, Plaintiff must establish that his employment relationship with Defaulting Defendants falls within the NYLL, which applies to "any person employed for hire by

an employer in any employment." NYLL § 190. "Unlike the FLSA, the NYLL does not require that a defendant achieve a certain minimum in annual sales or business in order to be subject to the law." *Garcia v. Badyna*, No. 13-CV-4021 (RRM)(CLP), 2014 WL 4728287, at *6 (E.D.N.Y. Sept. 23, 2014). Otherwise, the NYLL's definition of "employer" is "nearly identical" to that of the FLSA, and the analysis of the employment relationship under both statutes is based on the same factors. *See Mahoney v. Amekk Corp.*, No. 14-CV-4131 (ENV)(VMS), 2016 WL 6585810, at *9 (E.D.N.Y. Sept. 30, 2016) (collecting cases holding that the FLSA and NYLL are interpreted consistently with one another on the question of employment status), *R&R adopted,* 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016).

As the NYLL and FLSA definitions of "employer" are essentially coextensive, *see Fermin*, 93 F. Supp. 3d at 37, Defaulting Defendants were Plaintiff's "employers" and Plaintiff was their "employee" within the meaning of the NYLL.

### C. Overtime Claims

Under both the FLSA and the NYLL, an employee must "be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)); *see* NYLL §§ 650 *et seq.*; 12 N.Y.C.R.R. § 142-2.2. To support "a reasonable inference" that he or she worked more than forty hours in a given week, *Nakahata*, 723 F.3d at 201, a plaintiff must allege some uncompensated time in excess of forty hours of work, *Lundy v. Cath. Health Sys. of Long Island Inc.,* 711 F.3d 106, 114 (2d Cir. 2013), and provide "sufficient detail about the length and frequency" of the unpaid work. *Nakahata*, 723 F.3d at 201; *see also Fermin*, 93 F. Supp. 3d at 44-45 (allegation that plaintiff worked over forty hours a week was sufficient to establish a claim for overtime).

Plaintiff alleges that he regularly worked approximately 56 hours per week. (Compl. ¶¶ 30-32; Hernandez Aff. ¶ 10; Hernandez Supp. Aff. ¶ 3.) Defendants paid Plaintiff a flat weekly rate of $800, regardless of the number of hours he worked, and did not pay any overtime premium for hours worked over forty in a given week. (Compl. ¶ 33; Hernandez Aff. ¶ 12; Hernandez Supp. Aff. ¶ 3.) These allegations are sufficient to establish Defendants' liability for failure to pay Plaintiff overtime under both the FLSA and the NYLL. *See Newman v. W. Bar & Lounge, Inc.*, No. 20-CV-1141 (KAM)(RER), 2021 WL 2401176, at *7 (E.D.N.Y. June 11, 2021) (finding that plaintiff's sworn estimate of schedule and pay were sufficient to establish overtime liability under FLSA and NYLL on motion for default judgment).

### D. Wage Notice and Wage Statement Claims

Plaintiff alleges violations of NYLL §§ 195(1) & (3), and the statute's wage notice and wage statement provisions. (Compl. ¶¶ 39, 64-69; Hernandez Aff. ¶ 14.) Section 195(1)(a) requires employers to provide employees at the time of hire with a wage notice containing, *inter alia,* the rate of pay, the basis thereof, the pay schedule, and information identifying the employer in both English and the employee's primary language. Section 195(3) requires employers to provide employees with "a statement with every payment of wages" listing various information, including the dates of work covered by the payment, information identifying the employer and employee, details regarding the rate of pay and the overtime rate of pay, and the number of hours worked. New York Labor Law §§ 198(1-b) and (1-d) impose statutory damages for violations of these provisions. In addition to alleging that Defendants did not provide these records, Plaintiff must make allegations sufficient to establish an injury-in-fact for purposes of Article III standing. *See Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 308 (2d Cir. 2024) ("[A] plaintiff must show some causal connection between the lack of accurate notices and the downstream harm.").

12

Here, Plaintiff alleges that he did not receive the required wage notice and wage statements and, as a consequence, was "unable to identify [his] regular hours, overtime hours, terms, rates of pay, and deductions which resulted in [his] inability to ascertain if [he] was being paid properly for all [his] hours worked." (Hernandez Aff. ¶ 14.) Plaintiff's allegations establish Article III standing by connecting Defendants' failure to provide Plaintiff with wage information to the failure to lawfully compensate him. *See Guthrie*, 113 F.4th at 308 ("A plaintiff-employee may have suffered an injury-in-fact sufficient to establish standing when, for example, inaccurate or noncompliant notices prevented the employee from obtaining full payment of wages in a timely fashion."); *see, e.g.*, *Ortega v. Frozen Deli & Grocery Inc.*, No. 24-CV-1231 (JLR)(SLC), 2024 WL 4751732, at *9 (S.D.N.Y. Oct. 22, 2024) (finding Article III standing where "plaintiffs did not have proper information to contest the lack of proper wages"), *R&R adopted*, 2024 WL 4859055 (S.D.N.Y. Nov. 21, 2024); *Rosas v. M & M LA Solucion Flat Fixed Inc.*, No. 23-CV-1212 (DG)(MMH), 2024 WL 4131905, at *12 (E.D.N.Y. Sept. 10, 2024) (same); *Reyes v. Crystal Window & Door Sys., Ltd.*, No. 23-CV-2578 (RPK)(JRC), 2024 WL 4028308, at *4 (E.D.N.Y. Sept. 3, 2024) (same).

I find, therefore, that Plaintiff's allegations sufficiently establish liability for violations of NYLL §§ 195(1)(a) and 195(3).

## V.    Damages

### A. Overtime Wage Damages

Plaintiff is entitled to an overtime premium for all hours worked over forty each week at 1.5 times the greater of his regular rate of pay or the minimum wage under either the FLSA or NYLL. *See, e.g.*, *Perez Campos v. Quentin Mkt. Corp.*, No. 16-CV-5303, 2018 WL 9945754, at *4, *8 (E.D.N.Y. Oct. 17, 2018).

Under the FLSA, the "regular rate" for employees who are paid weekly "is computed by dividing the salary by the number of hours which the salary is intended to compensate." 29 C.F.R.

§ 778.113; *Diaz v. Rene French Cleaners, Inc.*, No. 20-CV-3848 (RRM)(RER), 2022 WL 4646866, at *7 (E.D.N.Y. Aug. 29, 2022), *R&R adopted*, 2022 WL 4662247 (E.D.N.Y. Sept. 30, 2022). "Under the NYLL, for non-hospitality industry workers, if paid by salary, the regular rate is the total weekly salary divided by the total hours worked during the week." *Ahn v. Sun Cleaners Inc.*, No. 19-CV-5919 (DLI)(PK), 2022 WL 586022, at *7 (E.D.N.Y. Feb. 18, 2022) (citing N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.16), *R&R adopted*, 2025 WL 845552 (E.D.N.Y. Mar. 18, 2025). "Both the NYLL and the FLSA, however, carry a rebuttable presumption that a weekly salary covers only the first 40 hours of work, unless the parties have agreed otherwise." *Ahn*, 2022 WL 586022, at *7.

"When an employer is unable to produce a written employment agreement or memorandum summarizing an oral agreement, the Court must infer the terms of the parties' agreement from the entire course of their conduct, based on the testimonial and documentary evidence in the record." *Id.* (cleaned up); *see also Cazarez v. Atl. Farm & Food Inc.*, No. 15-CV-2666 (CBA)(RML), 2017 WL 3701687, at *4 (E.D.N.Y. May 31, 2017). "Where, as here, there is no contract and an employee's work schedule remains 'relatively constant' through the course of their employment, 'it is reasonable to infer from the course of conduct that the parties intended for plaintiff's weekly salary to include straight time pay for each hour worked.'" *Diaz*, 2022 WL 4646866, at *7 (quoting *Cazarez*, 2017 WL 3701687, at *4); *see also Santana v. 82 Food Corp.*, No. 19-CV-4733 (SMG), 2020 WL 9814100, at *8 n.5 (E.D.N.Y. July 10, 2020) (noting that it would be "more appropriate" to calculate regular rate based on total number of hours worked and declining to apply presumption where plaintiffs worked consistent schedule); *Zurita v. High Definition Fitness Ctr., Inc.,* No. 13-CV-4394 (CBA) (RML), 2016 WL 3619527, at *5 (E.D.N.Y. June 9, 2016) (calculating regular rate by dividing plaintiff's weekly pay by total number of hours worked per week, where no evidence found of intention to cover only first forty hours worked), *R&R adopted*, 2016 WL 3636020 (E.D.N.Y. June 29, 2016); *Peralta v. M & O Iron Works, Inc.*, No. 12-CV-3179 (ARR)(RLM), 2014 WL 988835, at *8 (E.D.N.Y. Mar. 12, 2014)

(same); *Chopen v. Olive Vine, Inc.*, No. 12-CV-2269 (NGG)(MDG), 2015 WL 1514390, at \*6 (E.D.N.Y. Mar. 13, 2015)), *R&R adopted as modified*, 2015 WL 1542082 (E.D.N.Y. Mar. 31, 2015); *Cazarez v. Atl. Farm & Food Inc.*, No. 15-CV-2666 (CBA)(RML), 2017 WL 3701479 (E.D.N.Y. Aug. 25, 2017) (same). 2017 WL 3701479 (E.D.N.Y. Aug. 25, 2017) (same). *But see Lopez v. J&L Sky Contractors Corp.*, No. 24-CV-7661 (JAM), 2025 WL 1859690, at \*15 (E.D.N.Y. July 7, 2025) (applying presumption where plaintiff worked consistent hours because defaulting employer failed to rebut presumption); *Contreras v. Castro*, No. 23-CV-9083 (AMD)(LB), 2025 WL 1004524, at \*5 (E.D.N.Y. Mar. 7, 2025) (same), *R&R adopted*, 2025 WL 1002258 (E.D.N.Y. Apr. 3, 2025).

Plaintiff contends that the presumption that a weekly salary covers only the first 40 hours of work should apply because there was no agreement regarding the number of hours the $800.00 was intended to compensate. (Supplemental Brief, Dkt. 39.) Plaintiff further contends that the Court cannot infer the parties' intention or agreement because Defaulting Defendants have not appeared in this action and failed to submit any evidence to rebut the presumption. (*Id.*)

Based on the parties' course of conduct, however, it is reasonable to infer that they intended for the $800.00 weekly pay to compensate Plaintiff for the 56 hours that he "regularly" worked each week for over 21 weeks. (Compl. ¶¶ 30, 32; Hernandez Aff. ¶ 11; Hernandez Supp. Aff. ¶ 3.) Plaintiff's damages chart further shows that Plaintiff worked 56 hours every week, without any fluctuation, during his employment with Defendants. (Dkt. 39-2.)

I, therefore, find that the presumption does not apply and calculate the regular rate of pay by dividing the $800 weekly salary by the actual 56 hours worked per week, which yields a regular rate of $14.29.

Because Plaintiff's regular rate is below the applicable New York State minimum wage rate of $15 per hour, the regular rate of pay for the purposes of calculating overtime is the minimum wage. *Montellano-Espana v. Cooking Light Inc.*, No. 14-CV-1433 (SJ)(RLM), 2016 WL 4147143, at \*4

(E.D.N.Y. Aug. 4, 2016). Plaintiff is owed the difference between the hourly rate he was paid ($14.29) and the minimum wage overtime rate ($22.50) for all hours worked over forty each week, *i.e.*, $8.21 per hour.[3] I calculate Plaintiff's overtime damages in the following chart.

| Plaintiff's Overtime Damages | | | | | |
|---|---|---|---|---|---|
| Time Period | No. of Weeks[4] | Overtime Amount Owed Per Hour | Overtime Hours Per Week | Weekly Overtime Underpayment | Total Underpayment (Weekly Underpayment x Number of Weeks) |
| Feb. 1, 2021 – June 30, 2021 | 21 | $8.21 | 16 | $131.36 | $2,758.56 |
| **TOTAL** | | | | | **$2,758.56** |

Accordingly, I respectfully recommend that Plaintiff be awarded **$2,758.56** in unpaid overtime wages.

### B. Wage Notice and Wage Statement Damages

Violations of NYLL § 195(1) carry damages of $50 per workday for a maximum of $5,000.00. NYLL § 198(1-b). Violations of NYLL § 195(3) carry damages of $250 per workday for a maximum of $5,000.00, along with costs and attorneys' fees. NYLL § 198(1-d).

Because Plaintiff never received a wage notice or wage statements from Defendants and worked more than 100 days, he is entitled to maximum damages under both provisions. *See, e.g.*, *Escobar v. Del Monaco Bros. Indus. Inc.*, No. 14-CV-3091 (ADS)(SIL), 2016 WL 11481190, at *8 (E.D.N.Y. July 27, 2016) (awarding maximum damages allowed for failure to remit wage notice and

---

[3] During the Inquest, the Court noted that Plaintiff would be entitled to unpaid minimum wages based on the regular rate of $14.29, and that no claim for unpaid minimum wages was pled in the Complaint. Plaintiff did not seek leave to amend the pleadings or otherwise file supplemental briefing to address Plaintiff's entitlement to unpaid minimum wages.

[4] Plaintiff's counsel calculates unpaid wages using a fractional workweek, *i.e.*, 21.29 weeks, or 21 weeks and 2 days. (Revised Damages Calculations, Dkt. 39-2.) However, Plaintiff is only entitled to overtime pay for the weeks in which he worked more than 40 hours. A partial work week of just two days would not meet that threshold and, therefore, does not qualify for overtime compensation. *See Burns v. Nurnberger Corp.*, No. 16-CV-6251 (WFK)(ST), 2018 WL 5927575, at *7 (E.D.N.Y. Sept. 17, 2018) (excluding a partial final week from overtime damages because plaintiff did not exceed 40 hours of work during that week), *R&R adopted sub nom. Burns v. Kelly Enters. of Staten Island, LLC*, 2018 WL 5928106 (E.D.N.Y. Nov. 13, 2018).

wage statements), *R&R adopted sub nom. Juan Escobar v. Del Monaco Bros. Indus. Inc.*, 2016 WL 4275705 (E.D.N.Y. Aug. 13, 2016).

Accordingly, I respectfully recommend that Plaintiff be awarded **$5,000.00** in damages under Section 195(1) and **$5,000.00** in damages under Section 195(3).

### C. Liquidated Damages

An employee may recover liquidated damages under either the FLSA or NYLL equal to the amount owed for unpaid overtime compensation. 29 U.S.C. § 216(b); NYLL § 198(1-a). The Second Circuit has interpreted the NYLL to preclude the award of double liquidated damages— that is, liquidated damages under both the NYLL and FLSA. *See Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018). Plaintiff may therefore be awarded liquidated damages pursuant to *either* the NYLL or the FLSA and may elect the higher amount. *See Charvac v. M & T Project Managers of New York, Inc.*, No. 12-CV-5637 (CBA)(RER), 2015 WL 5475531, at *4 (E.D.N.Y. June 17, 2015), *R&R adopted as modified by* 2015 WL 5518348 (E.D.N.Y. Sept. 17, 2015).

Plaintiff seeks liquidated damages under the NYLL. "Under the NYLL, liquidated damages are presumed unless the employer proves good faith." *Garrido v. F&M Constr. & Dev. Corp.*, No. 21-CV-4084 (MKV), 2024 WL 3964695, at *28 (S.D.N.Y. Aug. 28, 2024); *see* NYLL § 198(1-a) (authorizing liquidated damages "unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law"). By defaulting, Defaulting Defendants have not shown "good faith" to avoid imposition of liquidated damages. *See, e.g., Herrera v. Tri-State Kitchen & Bath, Inc.*, No. 14-CV-1695 (ARR)(MDG), 2015 WL 1529653, at *12 (E.D.N.Y. Mar. 31, 2015); *Sarmiento v. Flagge Contracting Inc.*, No. 22-CV-9718 (VSB)(JLC), 2024 WL 806137, *9 (S.D.N.Y. Feb. 27, 2024), *R&R adopted*, 2024 WL 1908607 (S.D.N.Y. May 1, 2024); *Tzilin v. Jimmy G Constr. Corp.*, No. 23-CV-4047 (ENV)(MMH), 2024 WL 4309775, at *14 (E.D.N.Y. Sept. 26, 2024).

I respectfully recommend that Plaintiff be awarded **$2,758.56** in liquidated damages for overtime violations under the NYLL.

### D. Prejudgment Interest

Plaintiff seeks prejudgment interest under the NYLL. (Compl. ¶¶ 45.) Prejudgment interest is available for underpayments under the NYLL, which in this case includes overtime underpayments. *See* NYLL § 198(1-a); *Fermin*, 93 F. Supp. 3d at 30 (calculating prejudgment interest based on unpaid minimum wages, overtime pay, spread of hours pay, and misappropriated tips). Prejudgment interest is not available for wage statement or wage notice violations or for liquidated damages. *Ying Ying Dai v. ABNS NY Inc.*, 490 F. Supp. 3d 645, 662 (E.D.N.Y. 2020); *Cabrera v. Canela*, 412 F. Supp. 3d 167, 186 n.13 (E.D.N.Y. 2019). Pursuant to N.Y. C.P.L.R. § 5001, an award of prejudgment interest on these damages is mandatory. *See Calderon v. GEICO Gen. Ins. Co.*, 809 F.3d 111, 134 (4th Cir. 2015) ("On a NYLL wage claim, such as [the failure to pay overtime], an award of prejudgment interest is mandatory."); *see also Gussack Realty Co. v. Xerox Corp.*, 224 F.3d 85, 93 (2d Cir. 2000) ("[N.Y. C.P.L.R. § 5001] imposes an affirmative mandate on trial courts; they have no discretion not to award prejudgment interest under New York law.").

In New York, prejudgment interest accrues at the statutory rate of nine percent per year. N.Y. C.P.L.R. § 5004. "Where . . . damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." N.Y. C.P.L.R. § 5001(b). Courts have "wide discretion in determining a reasonable date from which to award pre-judgment interest." *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994). "Most courts in this district calculate simple prejudgment interest in NYLL actions from the midpoint date of the claims through the date judgment is entered." *Perez Campos*, 2018 WL 9945754, at *8.

Plaintiff's overtime wage claim under the NYLL covers the period from February 1, 2021, through June 30, 2021, so the midpoint for purposes of calculating prejudgment interest of underpayments is April 16, 2021. Plaintiff's overtime damages are **$2,758.56**. Prejudgment interest on those damages accruing at a rate of nine percent per year would accrue **$248.27** annually; this is equivalent to a daily interest rate of **$0.68**.

Accordingly, I respectfully recommend that Plaintiff recover prejudgment interest at a daily rate of **$0.68** from April 16, 2021, through the date that judgment is entered.

### E. *Post-Judgment Interest*

Plaintiff also seeks post-judgment interest, which "shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a); *see, e.g., Fermin*, 93 F. Supp. 3d at 53. Because an award of post-judgment interest is mandatory, I recommend that Plaintiff be granted post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, at the rate set forth in 28 U.S.C. § 1961. *See, e.g., Anzures v. Maredin Rest. Corp.*, No. 22-CV-2798 (EK)(JRC), 2024 WL 1376812, at *16 (E.D.N.Y. Jan. 24, 2024), *R&R adopted*, 2024 WL 1367963 (E.D.N.Y. Apr. 1, 2024).

### F. *Fifteen Percent Increase Penalty if Damages not Paid within Ninety Days*

Plaintiff does not seek an automatic increase of fifteen percent for any unpaid amount of the judgment still pending after ninety days, as provided for in NYLL § 198(4). However, that provision mandates that "any judgment or court order awarding remedies under this section *shall provide* that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL § 198(4) (emphasis added); *see also Rodriguez v. Solares Corp.,* No. 16-CV-3922 (CBA)(SMG), 2018 WL 7252949, at *12 (E.D.N.Y. Aug. 14, 2018) (citing NYLL § 198(4) and applying the

automatic increase of fifteen percent to all damages awarded under the NYLL not paid after ninety days), *R&R adopted,* 2019 WL 486883 (E.D.N.Y. Feb. 7, 2019). This increase is therefore awarded automatically, whether Plaintiff requests it or not.

The increase applies only to damages awarded under state law. *See id.* (recommending that the fifteen-percent increase under NYLL § 198(4) be limited to amounts "awarded exclusively under the NYLL"); *see also De la Cruz Casarrubias v. Surf Ave Wine & Liquor Inc.*, No. 20-CV-3003 (AMD), 2021 WL 2227977, at *13 (E.D.N.Y. May 11, 2021) (citing *Solares Corp.* and limiting the fifteen-percent enhancement to damages awarded under the NYLL), *R&R adopted,* 2021 WL 2223275 (E.D.N.Y. June 2, 2021). Accordingly, Plaintiff's damages under the NYLL should be increased by fifteen percent if Defendants fail to timely satisfy the judgment.

### G. Reasonable Attorneys' Fees

Plaintiff does not seek any attorneys' fees or costs. (June 30, 2025 Minute Entry and Order; Tr. at 7:17-25.)

## VI. Joint and Several Liability

When multiple defendants are found to be a plaintiff's employer, "each [d]efendant is jointly and severally liable under the FLSA and NYLL for any damages awards made in [p]laintiff['s] favor." *Fermin*, 93 F. Supp. 3d at 37; *see also Pineda v. Masonry Constr., Inc.*, 831 F. Supp. 2d 666, 685-86 (S.D.N.Y. 2011) (holding that a plaintiff's allegations that an individual defendant "was an owner, partner, or manager" of the corporate defendant, "coupled with [d]efendants' default, suffice to . . . impose joint and several liability on each [defendant] for their respective violations of the wage laws." (quotation and citation omitted)).

Because I have found that Marca, Patel, and J&M Corona Deli were all "employers" of Plaintiff, I respectfully recommend that they be held jointly and severally liable for their violations of the FLSA and NYLL.

## **CONCLUSION**

Based on the foregoing, I respectfully recommend that the Motion be GRANTED. Specifically, I find that Defendants failed to pay Plaintiff at an overtime rate for hours worked over forty per week under the FLSA and NYLL and failed to provide Plaintiff with pay statements or a wage notice pursuant to the NYLL.

Accordingly, I respectfully recommend that damages be awarded under the NYLL as follows:

- **$2,758.56** in unpaid overtime wages;

- **$5,000.00** for failure to provide a wage notice;

- **$5,000.00** for failure to provide wage statements; and

- **$2,758.56** in liquidated damages for failure to pay overtime wages.

I respectfully recommend that prejudgment interest be awarded at a daily rate of **$0.68** for Plaintiff's overtime claims from April 16, 2021 until the date of judgment.  In addition, post-judgment interest shall accrue thereafter until payment of the judgment amount, and a fifteen-percent penalty shall apply if damages under the NYLL are not paid within ninety days of judgment or the expiration of time to appeal.

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:    Brooklyn, New York
          August 13, 2025